**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHRISTOPHER J. HOWARD, B86767,**   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | |
| vs.   ) | Case No. 20-cv-00283-JPG |
| ) | |
| **ST. CLAIR COUNTY, ILLINOIS,**   ) | |
| ) | |
| **Defendant.**   ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Christopher Howard, an inmate in the custody of the Illinois Department of Corrections ("IDOC") and currently housed at Menard Correctional Center ("Menard"), brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"). Plaintiff claims he was subject to excessive bail in connection with a 2008 criminal case in St. Clair County, Illinois. (Doc. 1, pp. 1-13). He seeks money damages from the County. (*Id*. at p. 9).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff sets forth the following allegations in the Complaint: Bond was set at $1 million in St. Clair County Case No. 08-CF-881 pursuant to an Order dated June 30, 2008. (Doc. 1, pp. 8, 10). Plaintiff claims that no charges were brought against him at the time, and he was denied a

1

prompt preliminary hearing to establish probable cause. (*Id*. at 8). He now seeks monetary damages in the amount of $41 million against St. Clair County. (*Id*. at 9).

Based on the allegations in the *pro se* Complaint, the Court finds it convenient to designate a single claim in this action:

**Count 1:** St. Clair County imposed excessive bail in St. Clair County Case No. 08-CF-881 in violation of the Federal Tort Claims Act.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

**Discussion**

The Federal Tort Claims Act ("FTCA") provides jurisdiction for suits against the United States for torts committed by federal officials. *See* 28 U.S.C. §§ 1346, 2671-2680. The FTCA generally allows suit against the United States for injuries an inmate sustains in custody as a result of the negligence or wrongful conduct of federal employees. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). In his Complaint, Plaintiff did not name the United States as a defendant or identify any misconduct by a federal employee that supports an FTCA claim. He named a single defendant: St. Clair County. However, St. Clair County is not a proper defendant in this type of action. The FTCA claim in Count 1 against St. Clair County shall be dismissed with prejudice for failure to state a claim upon which relief may be granted against the County.

Although the Court would normally give Plaintiff an opportunity to re-plead his claim(s) in an amended complaint, it would be futile to do so here. To the extent he seeks relief for violations of his federal constitutional rights under 42 U.S.C. § 1983, Plaintiff's claims are clearly time-barred. The applicable statute of limitations for Section 1983 claims is governed by state

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

law. *Wallace v. Kato*, 594 U.S. 384, 387 (2007).  The Court looks to the law of the state in which the claim arose to determine the applicable statute of limitations.  *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699-700 (7th Cir. 2005).  Because the alleged violation occurred in Illinois, the Court applies Illinois' two-year statute of limitations for personal injury claims.  *See* 725 ILCS 5/13-202; *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009) ("A plaintiff must pursue a personal injury action within 2 years from the accrual of the claim.).

Plaintiff's excessive bail claim arose almost 12 years before he filed this action.  According to the Complaint, a bond order was entered in St. Clair County Case No. 08-CF-881 on June 30, 2008.  (Doc. 1, pp. 8, 10).  He filed this action on March 17, 2020.  (Doc. 1).  Although the statute of limitations is an affirmative defense, a plaintiff who "pleads facts that show his suit is time-barred or otherwise without merit . . . has pleaded himself out of court."  *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).  Plaintiff has pleaded himself out of Court.

The Court notes that a timely-filed claim against St. Clair County would also be subject to dismissal.  Plaintiff has failed to allege a colorable constitutional claim against the County.  All Section 1983 claims require a showing of personal involvement in a constitutional deprivation.  The County was not responsible for setting bail.  Plaintiff makes no allegation that the County implemented a policy, custom, or practice that resulted in his excessive bail.  Bail was set by a state court judge.  A timely-filed Section 1983 claim would also fail on the merits.

The Complaint falls woefully short of stating any claim for relief against St. Clair County.  Under the circumstances, it would be futile to allow an amendment of the Complaint.  *See Ghandi v. Sitara Capital Management*, 721 F.3d 865, 868-69 (7th Cir. 2013).  Accordingly, Count 1 and this action shall be dismissed with prejudice.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that the dismissal counts as one of the plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g). Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 6/19/2020**     s/J. Phil Gilbert
           **J. PHIL GILBERT**
           **United States District Judge**